IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01700-RPM-MEH

SHERRY MCGANN,

    Plaintiff,

v.

HUB INTERNATIONAL SOUTHWEST AGENCY, LTD.,

    Defendant.

## STIPULATED PROTECTIVE ORDER

Pursuant to Fed R. Civ. P. 26(c), D.C.COLO.L.Civ.R. 7.2 and D.C.COLO.L.Civ.R. 7.3, the parties have stipulated and agreed that a protective order should be entered in this case. Based on the stipulation of the parties, and the Court being fully advised in the premises,

IT IS HEREBY ORDERED:

1. This protective order shall govern the designation, disclosure, and use of confidential information and documents containing confidential information in this action.

2. This protective order shall protect discoverable information and documents relating to the business and financial affairs of the parties, including financial, personal, and customer information, from unauthorized and improper disclosure and use.

3. All designated confidential information, as that term is defined and used herein, shall be used solely for the parallel arbitration between the parties, or mediation, trial preparation and trial, and any appeal of this action, and shall not be used or disclosed for any other purpose

whatsoever, including but not limited to any business, competitive or governmental purpose or function, and shall not be disclosed to anyone except as provided herein.

4. Neither party shall disclose the other party's confidential information, as that term is defined and used herein, to any third persons other than in accordance with the terms and conditions of this protective order.

5. The term "Confidential Information," as used in this protective order, shall mean information and documents designated as confidential by a party pursuant to the protective order.

6. A party may designate as Confidential Information any information or thing that, following review by an attorney, said party believes in good faith constitutes or embodies information used by it in or pertaining to its business, including, without limitation, information that (A) is of a private or proprietary nature, and (B) is not generally known or which the designating party would not normally reveal to third parties and would cause third parties to maintain in confidence if such Confidential Information were revealed to them.

7. Prior to the production of any documents that any party deems to contain Confidential Information, said party shall mark or stamp "Confidential" on such documents. Other tangible forms of evidence containing Confidential Information, including DVDs and CDs, may also be marked or labeled "Confidential."

8. Confidential Information may only be disclosed to the following individuals:

    a. To the Court, appellate courts, court personnel, and the jury, if any, impaneled in this action;

b. To court reporters and videographers while in the performance of their official duties at depositions in this action;

c. To the arbiter or staff for the arbiter in the parallel arbitration;

d. To parties, which are defined to include current or former directors, officers, or employees of a party who are needed by a party to work directly on this litigation, with disclosure only to the extent necessary to perform such work;

e. To attorneys and law firms employed or retained by the receiving party;

f. Any person not employed by a party who is expressly retained by an attorney to assist in investigation, trial preparation or trial, including expert witnesses and consultants;

g. Any person involve as a professional mediator in the case; and

h. Any person who is or is reasonably expected to be a witness in this matter.

9. Each person (with the exception of the Court, court personnel, and outside counsel) to whom disclosure of Confidential Information is made pursuant to paragraph 8 above shall be advised of, and become subject to, the provisions of this protective order.

10. Consistent with D.C.COLO.L.Civ.R. 7.3, any document, image, or thing incorporating Confidential Information that is filed or lodged with the Court shall be marked on the first page, sealed, and delivered to the Clerk of the Court, and shall not be available for public inspection. The envelope used to seal such information or document shall carry an appropriate notation or logo substantially similar to:

**CONFIDENTIAL**

The contents of this envelope are subject
to a PROTECTIVE ORDER issued by the COURT
and may not be opened, examined or copied
except in compliance with that Order.

United States District Court
District of Colorado
*Sherry McGann v. Hub International Southwest Agency, Ltd.*
U.S.D.C., District of Colorado, Civil Action No. 08-cv-01700-RPM

The clerk shall maintain such information or document under seal, except that any judge or magistrate exercising responsibility in this action, and their law clerks, administrative, secretarial, and clerical staffs, shall have access to documents under seal as necessary in adjudicating or administering this action.

11.

    12.    With respect to protecting Confidential Information at depositions (and pre-trial court hearings or proceedings), the parties shall proceed as follows:

    a.    Any party may use Confidential Information at a deposition; however, only persons (other than the witness) authorized to receive such Confidential Information may attend the portions of the deposition pertaining to such information.

    b.    Any party may designate testimony at a deposition as Confidential Information during the course of any deposition. Such designation may be made in response to a question, prior to any responsive testimony being given, or thereafter. If such designation is made during the deposition, any person not authorized to receive the Confidential Information shall be excluded from the deposition until testimony regarding those matters has concluded. In addition to the foregoing, any party shall have thirty (30) days following receipt of a deposition transcript to designate in writing, the transcript or any portion thereof, as Confidential

Information.  The entire transcript, including exhibits, shall be treated as Confidential Information until the expiration of this thirty-day period.

  c. The designating party shall arrange with the court reporter taking and transcribing such deposition to bind the portion of the transcript not designated as Confidential Information separately, and to label the cover of the complete transcript with an appropriate notice, such as the following:

> PROTECTED INFORMATION OF [insert name of party].
> Disclosure subject to Court ordered Protective Order in
>
> *Sherry McGann v. Hub International Southwest Agency, Ltd.*
> U.S.D.C., District of Colorado,
> Civil Action No. 08-cv-01700-RPM

  d. The restrictions of this paragraph also apply to videotaped depositions, and the video cassettes, DVDs, or other video formats, each of which shall be labeled in accordance with the provisions of this paragraph.

  e. Unless otherwise ordered by the Court, the same procedures and protections shall apply to pre-trial court hearings or proceedings and any transcripts of such hearings or proceedings.  In the event that any Confidential Information is used in any pre-trial court hearing or proceeding in this action, it shall not lose its confidential status through such use, and the party using the Confidential Information shall take all reasonable steps to maintain its confidentiality during such use.

13. The substance or contents of any Confidential Information, as well as any notes, abstracts, copies, summaries, and memoranda relating thereto, shall not be disclosed to or accessible by anyone other than a person permitted to obtain Confidential Information pursuant to this protective order.

14. It shall be the duty and responsibility of counsel of record to ensure that documents or things containing Confidential Information subject to counsel's control are at all times kept in a safe and secure fashion to ensure that such information is not disclosed to or made accessible to persons other than those specifically authorized to review Confidential Information under this protective order.

15. Nothing in this protective order shall limit or obligate a party with respect to disclosure of its own information and documents.

16. Disclosure by the producing party of Confidential Information without the proper designation at the time of disclosure shall not be deemed a waiver, in whole or in part, of any party's claim to confidentiality, either as to the specific Confidential Information disclosed or as to any other information relating to the subject matter of the Confidential Information disclosed. Upon learning of the disclosure of Confidential

Information without proper designation, the party seeking to protect the Confidential Information shall properly designate or re-designate such Confidential Information.  No party, however, shall be deemed to be in breach of this protective order by reason of any use or disclosure of such Confidential Information inconsistent with such later designation (or re-designation) that occurred prior to notification of such later designation or (re-designation).

17. Upon final determination of this action, including all appeals, all Materials, Confidential Information and all copies thereof, and all documents reflecting the same, shall be returned within sixty (60) days thereafter by the receiving party to the producing person, except that counsel of record shall be permitted to retain copies.

18. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information.  The written notice shall identify the information to which the objection is made.  If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this

Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing good cause exists for the disputed information to be treated as CONFIDENTIAL.

19. Should any party, or person qualified to obtain Confidential Information hereunder, or their agents or representatives, receive any request for information, whether through formal compulsory process or lawful authority of a court or otherwise, prior to responding thereto, such person or counsel shall promptly serve written notice of receipt of same on counsel for the other party hereto in order to allow said party to move an appropriate court or tribunal for a ruling respecting the necessity of compliance therewith.

20. Upon final termination of this action, whether by settlement, dismissal, or other disposition, the provisions of this

protective order shall continue to be binding upon all persons or entities who are subject to the terms hereof, and the Court shall retain jurisdiction for enforcement of the order.

21. Either party may seek additional protection or disclosure with respect to protected information as that party may consider appropriate. If necessary, the parties may enter into a separate order that will govern the use of Confidential Information at the trial of this matter.

22. Nothing in this protective order shall operate as a waiver of a party's right to object to answering any interrogatory or deposition questions propounded, to object to the production of any documents requested, or to seek the issuance of a further protective order, which objection or motion may be based on any legal grounds including, but not limited to, grounds of undue burden, unnecessary invasion of privacy, threatened exposure of trade secret information needing greater protection than this protective order provides, expense, relevancy, work product or attorney-client privilege.

23. Either party may seek to modify this protective order upon a showing of good cause.

DATED: November 24th, 2008

                BY THE COURT:

                s/Richard P. Matsch
                _____
                Richard P. Matsch, Senior Judge

STIPULATED AND AGREED TO BY:

DATED: November 24, 2008            s/ Michael J. Carrigan

                                    Michael J. Carrigan
                                    Steven M. Gutierrez
                                    Brooke H. McCarthy
                                    HOLLAND & HART, LLP
                                    555 Seventeenth Street, Suite 3200
                                    Post Office Box 8749
                                    Denver, CO 80201-8749
                                    Phone: (303) 295-8000
                                    Fax: (303) 295-8261
                                    mcarrigan@hollandhart.com
                                    sgutierrez@hollandhart.com
                                    bhmccarthy@hollandhart.com

                                    **ATTORNEY FOR PLAINTIFF**
                                    **SHERRY McGANN**


DATED: November 24, 2008            s/ Colin A. Walker

                                    Colin A. Walker
                                    Brent T. Johnson
                                    FAIRFIELD & WOODS, P.C.
                                    1700 Lincoln Street, Suite 2400
                                    Denver, CO 80203-4524
                                    Phone: (303) 830-2400
                                    Fax: (303) 831-1033
                                    cwalker@fwlaw.com
                                    bjohnson@fwlaw.com

                                    **ATTORNEY FOR DEFENDANT**
                                    **HUB INTERNATIONAL**
                                    **SOUTHWEST AGENCY, LTD.**